2009 OK 63

In The Matter of The REINSTATEMENT OF Martha Elaine HIRST, also known as Marti Hirst, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

No. SCBD–5500.

Supreme Court of Oklahoma.

Sept. 15, 2009.

Martha Elaine Hirst, New York City, NY, Pro Se.

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 Petitioner, Martha Elaine Hirst, was admitted to the Oklahoma Bar Association (OBA) in September 1970. Hirst practiced law in the State of Oklahoma until 1992. In 1992 Hirst moved from the State of Oklahoma to Massachusetts where she worked as an attorney for the FDIC. In 1993 Hirst was transferred to New York City, New York as an FDIC attorney where she became a resident of the State of New York. On July 12, 1994, Hirst was admitted to practice law upon reciprocity motion in the State of New York, and was also admitted to practice in both the Eastern and the Southern Districts of the State of New York. Hirst is also licensed to practice law in the Western, Eastern and Northern Districts of the State of Oklahoma. She resigned from the membership rolls of the Oklahoma Bar on March 6, 2000, believing she would never again practice in the State of Oklahoma and that she would remain in New York State.

¶ 2 Hirst was not stricken from the roll of attorneys of the Oklahoma Bar Association for nonpayment of dues or noncompliance with Mandatory Continuing Legal Education. Hirst has never been disbarred from the Oklahoma Bar Association or any other state or federal bar and has not resigned pending

investigation or disciplinary proceedings from the Oklahoma Bar Association or any other state or federal bar.

¶ 3 Hirst has not had any involvement with the Client's Security Fund of the Oklahoma Bar Association. Hirst also provided evidence as to good moral character necessary to be admitted to the Oklahoma Bar Association as an active member. She also provided evidence that she is also current in her Mandatory Continuing Legal Education. The PRT unanimously found that Hirst had met the prerequisites for reinstatement by clear and convincing evidence.

¶ 4 This Court exercises original and exclusive jurisdiction in bar reinstatement proceedings. *In re Reinstatement of Brown*, 1996 OK 95, ¶ 14, 925 P.2d 44, 49. Although the PRT's recommendations are afforded great weight, they are advisory only, inasmuch as this Court exercises de novo review. *Id.*

¶ 5 Rule 11.5 of the RGDP requires the PRT to make specific findings regarding (1) "[w]hether or not an applicant possesses the good moral character which would entitle him to be admitted to the Oklahoma Bar Association," (2) "[w]hether or not an applicant has engaged in the unauthorized practice of law during the period of suspension," and (3) "[w]hether or not an applicant possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma."

¶ 6 In the present matter, Hirst met the first requirement by presenting three Letters of Recommendation as to her competency and her moral character. She has not been shown to have committed any crimes and it is apparent that she has been at all times an upstanding member of the community. Also, it has been determined that Hirst has not engaged in the unauthorized practice of law in Oklahoma since her voluntary resignation; therefore, that requirement has been met. Finally, Hirst has kept current with legal education by recently taking 13 hours of Oklahoma continuing legal education including one hour of ethics. Furthermore, she has completed numerous CLE courses in the State of New York, routinely conducts week-long seminars for young lawyers, and she has extensive trial practice experience associated with her employment. Rule 11.5 requires evidence that the applicant possesses the competency and learning in the law for readmission to practice law in the State of Oklahoma. Hirst has shown that she has met the requirements for reinstatement to the Oklahoma State Bar Association. We therefore reinstate Ms. Hirst to the membership in the Oklahoma Bar Association upon showing that Petitioner has remitted the amount of $819.37 which constitutes full payment of the costs incurred in this matter as allowed under 5O.S.2001, Ch.1, App. 1–A.

**REINSTATEMENT GRANTED.**

¶ 7 ALL JUSTICES CONCUR.