OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF JONES

 

 
 

 
 IN THE MATTER OF THE REINSTATEMENT OF JONES
2022 OK 12
Case Number: SCBD-7126
Decided: 02/01/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 12, __ P.3d __

 

Â 

In the Matter of the Reinstatement of: Sidney Wade Jones, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys, Petitioner,
v.
Oklahoma Bar Association, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT

Â¶0 Petitioner seeks reinstatement to the Oklahoma Bar Association after his voluntary resignation from the roll of attorneys in 2011. Petitioner submitted his resignation when he pursued a different career path and did not plan to return to the practice of law. When he resigned, Petitioner was not under investigation by the OBA for any ethical violation; he has never been disciplined or disbarred. Petitioner was admitted to the Oklahoma Bar Association in 1997 and practiced law in Oklahoma until his resignation. Petitioner currently works as the Firm Administrator in his son's law firm but he now desires to resume the practice of law in Oklahoma in order to expand the available legal services to firm clients.

REINSTATEMENT GRANTED

Sidney Wade Jones, pro se, Edmond, Oklahoma

Peter Haddock, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma

Edmondson, J.

Â¶1 Petitioner, Sidney Wade Jones graduated from Oklahoma City University in May, 1997, and later that year he successfully completed the Oklahoma Bar Examination and his name was entered on the roll of attorneys. Jones resided and maintained his license to practice law in Oklahoma from 1997 until 2011. Petitioner began working in the sales industry in 2000; and by 2011 he did not believe he would ever return to the practice of law. Jones submitted his voluntary resignation from membership in the Oklahoma Bar Association and surrendered his license. His name was stricken from the roll of attorneys and the OBA on March 14, 2011 and three days later his resignation was confirmed and accepted by the Executive Director.

Â¶2 Jones filed a Petition for Reinstatement to the Oklahoma Bar on September 17, 2021 pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1A (RGDP). The OBA, through its Office of General Counsel, investigated the matter and recommended that Jones' petition be granted. A trial panel of the Professional Responsibility Tribunal (PRT) conducted a hearing on December 7, 2021. Petitioner presented four different witnesses to testify regarding his character and activities since resignation, and to testify that there is no evidence Petitioner has engaged in the practice of law after his resignation. Petitioner presented affidavits from local court clerks attesting that Petitioner had not practiced law during the relevant time period of his resignation.

Â¶3 The OBA investigator conducted a thorough investigation of Petitioner and found no evidence of any criminal history, no tax problems at the state or federal level, no outstanding litigation matters and no evidence of any bankruptcies relating to Petitioner. There was no evidence of any prior OBA disciplinary matters involving Petitioner including no evidence he had engaged in the unauthorized practice of law. The investigation did reveal that Petitioner had an outstanding balance with the OBA for his 2011 annual dues plus a late fee which became due and payable prior to his resignation. This balance has been paid in full.

Â¶4 The PRT filed its report with this Court on December 16, 2021 unanimously finding that Jones established all requirements for reinstatement by clear and convincing evidence and recommended reinstatement to the OBA and the roll of attorneys. Petitioner and the OBA filed a joint motion to waive the filing of briefs. This Court found good cause existed to waive the requirement of filing briefs and granted the motion. This matter is considered based on the evidence in the record including the report of the PRT.

Â¶5 We find the record establishes the following by clear and convincing evidence:

1. Sidney Wade Jones graduated from the Oklahoma City University School of Law in May, 1997. He passed the Oklahoma Bar Examination and was admitted to the Oklahoma Bar Association and roll of attorneys in 1997.

2. Jones resided and maintained his license to practice law in the State of Oklahoma from 1997 until his resignation in 2011. Around the fall of 2000, he began working in the sales industry while maintaining his bar licensure. By 2011, he did not expect to return to the practice of law. On March 11, 2011, Petitioner voluntarily resigned his Oklahoma Bar License and his name was stricken from the roll of attorneys. Since his resignation, Petitioner has not practiced law in Oklahoma and he has not previously applied for reinstatement.

3. At the time of his resignation, there were no pending investigations or disciplinary proceedings. This resignation occurred after changing careers and working in the sales industry.

4. Petitioner currently works in an administrative capacity in Edmond, Oklahoma in a law firm with his son, who is a licensed attorney. There is no evidence that Petitioner has engaged in the practice of law while working in this firm or at any time since his 2011 resignation.

5. Based on the testimony of his witnesses presented at hearing and the submitted affidavits, Petitioner is found to be of good moral character and high trustworthiness.

6. The OBA investigator testified that after conducting a thorough background check and completing additional research, he found no areas of concern regarding the Petitioner's fitness to be a member of the Oklahoma Bar Association.

7. Testimony from the Petitioner, the witnesses and hearing exhibits establish that Petitioner has completed thirty (36) hours of continuing legal education in 2021, including 3 hours of ethics, and he has conducted and reviewed new case developments within Oklahoma and within the federal system, and reviewed numerous scholarly legal articles. Based on this evidence, Petitioner is found to be competent and meets the qualifications to be readmitted to the OBA.

8. Petitioner provided proof of payment to the OBA of the arrearage for his outstanding bar dues from 2011 and he currently has no other arrearages with the OBA.

Â¶6 This court exercises original and exclusive jurisdiction in all matters of reinstatement. Rule 11.6, RGDP; In re Reinstatement of Hirst, 2009 OK 63, Â¶ 4, 222 P.3d 11, 12. We weigh the recommendations of the PRT with the evidence before us.

Â¶7 A person who has resigned from the membership in the Oklahoma Bar Association may be readmitted only by following the exact guidelines outlined in Section 11.1 of the RGDP. Petitioner met those requirements when he submitted his petition with his affidavit reflecting his activities since resignation, and included affidavits from the local court clerks verifying he has not practiced law during the relevant time period. The application for reinstatement is then referred to the Professional Responsibility Tribunal which shall empanel a three-member Trial Panel to hold a hearing. The burden of proof is on Petitioner to establish by clear and convincing evidence stronger proof of qualifications than one seeking admission for the first time. Section 11.4, RGDP.

Â¶8 At the conclusion of the hearing, the PRT must file a report containing the following specific findings as a prerequisite to the reinstatement of an applicant: 1) whether the applicant possesses the good moral character entitling him admission to the OBA; 2) whether the applicant has engaged in any unauthorized practice of law during the time of his resignation; and 3) whether the applicant possesses the competency and learning in the law required for admission to practice law in Oklahoma. Section 11.5, RGDP. We determined that Petitioner has already met the first two requirements. Jones has demonstrated by clear and convincing evidence his good moral character and secondly, that he has not engaged in the unauthorized practice of law. We next turn our attention to the third prerequisite finding relating to the legal competency required in this instance. When an applicant like Jones has been suspended, terminated or disbarred for a period of five years or longer, an applicant is generally required to successfully pass the regular bar exam; but the applicant is given a reasonable opportunity to show by clear and convincing evidence that he has continued to study and kept current on developments in the law. Id. Jones was not suspended, terminated or disbarred; he voluntarily resigned. However, he has not practiced law in Oklahoma for more than ten years so we carefully consider his evidence of competency in the law. Jones submitted an extensive list that included his ongoing review of all of the Oklahoma Bar Journals for 2020 and 2021; a lengthy and comprehensive review of scholarly legal articles; ongoing review of relevant decisions from the United States Supreme Court, Oklahoma federal courts; and 36 hours of continuing legal education (CLE) in 2021 which included 3 hours of ethics. He also completed 6 hours of CLE including 1 hour of ethics in 2020.

Â¶9 The OBA recommended reinstatement of Jones and stated that his qualifications are higher than that of a new applicant and he met his burden by clear and convincing evidence. The PRT unanimously found that Petitioner established by clear and convincing evidence that all requirements for his reinstatement to the membership of the Oklahoma Bar Association and the Roll of Attorneys have been met. The PRT recommended that Jones pay all fees to cover the expenses of investigation, processing of the application and the hearing transcript. The Application filed by the OBA did not include a request for the hearing transcript cost.

Â¶10 Sidney Wade Jones has met the requirements for reinstatement to the Oklahoma Bar Association. We reinstate Sidney Wade Jones to the Oklahoma Bar Association upon showing that he has paid costs in the amount of $61.69 which constitutes the full amount requested by the OBA in its Application to Assess Costs.

Â¶11 ALL JUSTICES CONCUR