IN THE MATTER OF THE REINSTATEMENT OF HARVISON2022 OK 36Case Number: SCBD-7166Decided: 04/19/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 36, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

In the Matter of the Reinstatement of:

Byron E. Harvison, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys, Petitioner,
v.
Oklahoma Bar Association, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY REINSTATEMENT

¶0 Petitioner seeks reinstatement to the Oklahoma Bar Association after his voluntary resignation from the roll of attorneys in 2016. Petitioner was admitted to the Oklahoma Bar Association in 2008. The following year, he moved to another state to serve as an active duty officer with the United States Army Judge Advocate Corps (JAG). Petitioner's Oklahoma license served as his required state licensure from 2009 through 2015, the year he was admitted to practice in Utah where he resided. In 2016, Petitioner submitted his voluntary resignation to the OBA for several reasons, he no longer needed to rely on his Oklahoma licensure to serve in JAG, he had not resided in Oklahoma since 2009 and he had no plans to return to this state to practice law. At the time of his resignation, Petitioner was in good standing, he was not under investigation by the OBA for any ethical violation, and he had never been disciplined or disbarred by this Court. Petitioner has recently retired from the military and has relocated to Oklahoma where he desires to resume the practice of law in this state.

REINSTATEMENT GRANTED

Byron E. Harvison, pro se, Park Hill, Oklahoma

Stephen Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma

Edmondson, J.

¶1 Petitioner, Byron E. Harvison, seeks reinstatement of his Oklahoma bar license after he submitted his voluntary resignation to the OBA in 2016, the year after he became licensed to practice law in a different state. Petitioner was admitted to the Oklahoma Bar on September 25, 2008. The following year he left Oklahoma and moved to another state to serve as an active-duty officer with the United States Army Judge Advocate General (JAG). From 2009 through 2015, Petitioner relied on his Oklahoma bar license to satisfy the JAG requirement to hold a state license to practice law. In May, 2015, Petitioner also obtained his license to practice law in Utah, the state where he was stationed. In 2016, Petitioner was still employed with JAG and he had no plans to leave the military or to return to civilian life in Oklahoma and practice law. For personal reasons, he decided his Oklahoma bar license was unnecessary and he submitted his voluntary resignation to the OBA on April 25, 2016. Because his resignation was submitted after February 15, 2016, he incurred OBA dues for 2016. In 2021, Petitioner decided to retire and leave his employment with JAG, and to return to Oklahoma with his family where he intends to practice law.

¶2 Harvison filed his Petition for Reinstatement to the Oklahoma Bar on November 3, 2021 pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1A (RGDP). The OBA, through its Office of General Counsel, investigated the matter and recommended that the petition be granted. A trial panel of the Professional Responsibility Tribunal (PRT) conducted a hearing on January 27, 2022. Petitioner presented seven different witnesses to testify regarding his character, activities since resignation, competency in the law, and to establish that Petitioner had not engaged in the practice of law in Oklahoma after his resignation. Petitioner presented affidavits from local court clerks attesting that he has not practiced law in Oklahoma during the relevant time period of his resignation.

¶3 The OBA investigator conducted a thorough investigation of Petitioner and found no evidence of any criminal history, no tax problems at the state or federal level, no outstanding litigation matters and no evidence of any bankruptcies relating to Petitioner. There was no evidence of any prior OBA disciplinary matters involving Petitioner including no evidence he had engaged in the unauthorized practice of law. The investigation did reveal that Petitioner had an outstanding balance with the OBA in the amount of $375.00 for his 2016 annual dues plus a late fee which had become due and payable prior to his resignation. Petitioner paid this balance in full on December 8, 2021; there are no further outstanding fees owed to the OBA.

¶4 The witnesses who testified reflected that during Petitioner's more than eleven year service with JAG, he was respected for his ethics, sound legal advice and counsel on highly varied matters. He advanced within JAG attaining the rank of Lt. Colonel and serving as General Counsel for the Utah National Guard. A witness from the Utah National Guard testified that Petitioner had attained the highest security clearance from that division. To obtain this clearance, a thorough investigation is done with a review of military records, financial records and the entire background. Petitioner demonstrated the highest ethics and professional behavior required for this level of clearance. The witness noted that Petitioner was in a very small percentage of the overall military force to satisfy these stringent requirements. Other witnesses testified about the highly complex legal issues that arose in Petitioner's service with JAG and how he consistently gained the regard of his fellow attorneys as well as the respect and cooperation of many higher ranking officers due to his sound advice and counsel. Petitioner consistently attended conferences to remain current in the law. He met all continuing education requirements for Oklahoma licensure until his 2016 resignation. Since 2015, he has met all requirements for licensure as an attorney in Utah.

¶5 The PRT filed its report with this Court on March 23, 2022 unanimously finding that Petitioner established all requirements for reinstatement by clear and convincing evidence and recommended reinstatement to the OBA and the roll of attorneys. Petitioner and the OBA filed separate pleadings waiving the right to submit briefs. This matter is considered based on the evidence in the record including the report of the PRT.

¶6 We find the record establishes the following by clear and convincing evidence:

1. Byron E. Harvison graduated from the Tulsa University School of Law in May, 2008. He passed the Oklahoma Bar Examination and was admitted to the Oklahoma Bar Association on September 25, 2008.

2. Harvison moved to North Carolina in July, 2009 to serve the United States Army Judge Advocate Corps. While serving in JAG he was also stationed in Germany, and then Utah. Although Harvison did not practice law in Oklahoma after he moved in 2009, he maintained his Oklahoma bar license until he voluntarily resigned April 25, 2016. The previous year, he was admitted to practice law in Utah on May 26, 2015. Harvison's Oklahoma license served as his required state licensure to serve in JAG from 2009 until he was admitted to practice law in Utah in 2015. Once he was licensed in Utah, it seemed more prudent to practice under the Utah license, the state in which he lived. Because he had no plans at that time to return to Oklahoma, he decided for personal reasons to voluntarily resign from the Oklahoma roll of attorneys. Since his resignation, Petitioner has not practiced law in Oklahoma and he has not previously applied for reinstatement.

3. At the time of his resignation, there were no pending investigations or disciplinary proceedings. This resignation occurred after serving in JAG outside of the state of Oklahoma and after being admitted to practice law in a different state.

4. Petitioner has bought a home and moved back to Oklahoma, residing in Park Hill, Oklahoma. He currently is employed as a legal assistant with a local law firm in Tahlequah, Oklahoma, where he plans to practice law upon reinstatement of his Oklahoma bar license. There is no evidence that Petitioner has engaged in the practice of law since the time of his resignation on April 25, 2016.

5. Based on the testimony of his witnesses presented at hearing and the submitted affidavits, Petitioner is found to be of good moral character and high trustworthiness. A colonel testified that Petitioner had been issued the highest security clearance allowing him access to sensitive compartmentalized information. In order to gain this top-secret clearance, Petitioner demonstrated the highest standards in ethics and professional behavior and financial matters. In addition to the colonel, Petitioner presented six other witnesses supporting this finding of good moral character and high trustworthiness.

6. The OBA investigator testified that after conducting a thorough background check and completing additional research, he found no areas of concern regarding the Petitioner's fitness to be a member of the Oklahoma Bar Association.

7. Testimony from the Petitioner, the witnesses and hearing exhibits establish that in his role in JAG Petitioner consistently delivered complex legal opinions and legal support on a wide range of complex legal scenarios. Petitioner demonstrated that he has obtained continuing legal education through his representation in JAG and completed significant hours of continuing legal education through JAG and kept himself informed as to current developments in the law sufficient to maintain his competency.

8. Petitioner has presented proof of stronger qualifications than one seeking admission to the Bar for the first time.

¶7 This court exercises original and exclusive jurisdiction in all

matters of reinstatement. Rule 11.6, RGDP; In re Reinstatement of Hirst, 2009 OK 63222 P.3d 11

¶8 A person who has resigned from the membership in the Oklahoma Bar Association may be readmitted only by following the exact guidelines outlined in Section 11.1 of the RGDP. Petitioner met those requirements when he submitted his petition with his affidavit reflecting his activities since resignation, and included affidavits from the local court clerks verifying he has not practiced law during the relevant time period. The application for reinstatement is then referred to the Professional Responsibility Tribunal which shall empanel a three-member Trial Panel to hold a hearing. The burden of proof is on Petitioner to establish by clear and convincing evidence stronger proof of qualifications than one seeking admission for the first time. Section 11.4, RGDP.

¶9 At the conclusion of the hearing, the PRT must file a report containing the following specific findings as a prerequisite to the reinstatement of an applicant: 1) the applicant possesses the good moral character entitling him admission to the OBA; 2) the applicant has not engaged in any unauthorized practice of law during the time of his resignation; and 3) the applicant possesses the competency and learning in the law required for admission to practice law in Oklahoma. Section 11.5, RGDP. We determined that Petitioner has already met the first two requirements. Harvison has demonstrated by clear and convincing evidence his good moral character and secondly, that he has not engaged in the unauthorized practice of law. We next turn our attention to the third prerequisite finding relating to the legal competency required in this instance. We note the rule that when an applicant has been suspended, terminated or disbarred for a period of five years or longer, an applicant is generally required to successfully pass the regular bar exam; but the applicant is given a reasonable opportunity to show by clear and convincing evidence that he has continued to study and kept current on developments in the law. Id. Harvison was not suspended, terminated or disbarred; he voluntarily resigned. However, he continued to practice law under his Utah license and was required to maintain competency under his state license. We note that he has not practiced law in Oklahoma for at least six years, so we carefully consider his evidence of competency in the law. Harvison has been serving in the United States JAG as General Counsel to the Utah National Guard. The evidence before us establishes that since 2008, Petitioner has been continually licensed to practice law in either Oklahoma or Utah and he has held a highly respected position as an officer within the United States JAG and engaging in the complex practice of law since the date of his voluntary resignation. Petitioner has continued to meet all requirements for his Utah licensure since his resignation from the OBA in 2016, he has obtained extensive ongoing relevant continuing legal education and has remained current in the law.

¶10 The OBA recommended reinstatement of Harvison and stated that his qualifications are higher than that of a new applicant and he met his burden by clear and convincing evidence. The PRT unanimously found that Petitioner established by clear and convincing evidence that all requirements for his reinstatement to the membership of the Oklahoma Bar Association and the Roll of Attorneys have been met. The PRT recommended that Harvison pay all fees to cover the expenses of investigation, processing of the application and the hearing transcript. The OBA has noted that all of these costs have already been paid by Harvison.

¶11 Byron E. Harvison has met the requirements for reinstatement to the Oklahoma Bar Association. We reinstate Byron E. Harvison to the Oklahoma Bar Association.

¶12 ALL JUSTICES CONCUR.