IN THE MATTER OF THE REINSTATEMENT OF KATINE
2023 OK 72
531 P.3d 1272
Case Number: SCBD-7353
Decided: 06/20/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 72, 531 P.3d 1272

 
 

IN THE MATTER OF THE REINSTATEMENT OF: MITCHELL AVILA KATINE, TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORIGINAL PROCEEDING FOR RULE 11 BAR REINSTATEMENT

¶0 Petitioner seeks reinstatement to the Oklahoma Bar Association after his voluntary resignation from the roll of attorneys in 2012. Petitioner was admitted to the Oklahoma Bar Association in 2000. He became a member of the state bar of the State of Texas in 1985. From his date of Texas admission until the present date, Petitioner has practiced law in the State of Texas. At the time of his resignation, Petitioner was in good standing, he was not under investigation by the OBA for any ethical violation, and he had never been disciplined or disbarred by this Court or any other state or federal bar and he has not resigned pending investigation or disciplinary proceedings from the Oklahoma State Bar Association.

PETITION FOR REINSTATEMENT GRANTED

Mitchell Avila Katine, pro se, Houston, Texas

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma

Edmondson, J.

¶1 Petitioner, Mitchell Avila Katine, seeks reinstatement of his Oklahoma bar license after he submitted his voluntary resignation to the OBA in 2012. Petitioner became a member of the state bar of Texas on November 9, 1985. He was admitted to the Oklahoma Bar Association on the 10th day of March, 2000. From the date of his admission to the Texas state bar, until the present, Petitioner had practiced law in the State of Texas pursuant to his Texas bar license. On January 5, 2012, Petitioner voluntarily resigned his license to practice law in Oklahoma, and his name was stricken from the membership rolls of the OBA. At the time of resignation, Petitioner was not practicing law in the State of Oklahoma and having no clients to notify, he did not file an Affidavit of Compliance pursuant to Rule 9.1 of the Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1A (RGDP). Petitioner has not been disbarred from the OBA or any other state or federal bar and has not resigned pending investigation or disciplinary proceedings from the Oklahoma State Bar Association or any other state or federal bar. Petitioner has no criminal record, tax liens, or any liens against him or his property.

¶2 Katine filed his Petition for Reinstatement to the Oklahoma Bar on October 27, 2022 pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App. 1A (RGDP). The OBA, through its Office of General Counsel, investigated the matter and recommended that the petition be granted. A trial panel of the Professional Responsibility Tribunal (PRT) conducted a hearing on April 18, 2023. Petitioner presented seven different witnesses to testify regarding his character, activities since resignation, competency in the law, and to establish that Petitioner had not engaged in the practice of law in Oklahoma after his resignation. Petitioner testified that he has not practiced law in Oklahoma during the relevant time period of his resignation. The OBA investigator Kurt Stoner testified and supported Petitioner's testimony on this point.

¶3 The OBA investigator conducted a thorough investigation of Petitioner and found no evidence of any criminal record, no tax liens or any liens against him or his property. There was no evidence of any prior OBA disciplinary matters involving Petitioner, including no evidence he had engaged in the unauthorized practice of law.

¶4 The witnesses who testified had personal knowledge about Petitioner about his ethical character as well as his legal competency and work experiences.

¶5 The PRT filed its report with this Court on April 28, 2023 unanimously finding that Petitioner established all requirements for reinstatement by clear and convincing evidence and recommended reinstatement to the OBA and the roll of attorneys. Petitioner and the OBA filed a Joint Brief in Support of Reinstatement. This matter is considered based on the evidence in the record including the report of the PRT.

¶6 We find the record establishes the following by clear and convincing evidence:

1. Mitchell Avila Katine became a member of the state bar of Texas on the 8th day of November, 1985, after successful completion of the state bar examination of the State of Texas. On the 15th day of May, 1985, he graduated from South Texas School of Law located in Houston, Texas. Petitioner has practiced law in the State of Texas pursuant to his Texas license from November 8, 1985 until the present date.

2. Petitioner was admitted to the Oklahoma Bar Association and his name was entered on the Roll of Attorneys on the 10th

3. At the time of his resignation, there were no pending investigations or disciplinary proceedings with the Oklahoma Bar Association or any other state or federal bar. Petitioner has no criminal record, tax liens, or any liens against him or his property.

4. There is no evidence that Petitioner has engaged in the practice of law in Oklahoma since the time of his resignation on January 5, 2012.

5. Petitioner filed his Petition for Reinstatement on October 27, 2022. We appointed a three member Professional Responsibility Tribunal; notice of the hearing was published in the Oklahoma Bar Journal and the Houston Chronicle as shown in the proof of publication on file.

6. A hearing was held on April 18, 2023, Petitioner, Mitchell Katine and his five witnesses testified, in addition to the OBA investigator. Petitioner's witnesses are all attorneys who have known him in a professional capacity and at a personal level. The witnesses testified about their personal observations of Katine with respect to other litigants, opposing counsel, demeanor in court and other professional settings as well as his conduct in social settings. All of the witnesses attested to his high level of professionalism, unflagging courtesy as a litigant, knowledge and competence as a lawyer, generosity and charitable conduct. The evidence supports a finding that Petitioner possesses far more than the requisite good moral character and ability to practice law. The OBA did not challenge or contradict any of Petitioner's character witnesses.

7. The OBA investigator testified that after conducting a thorough background check and completing additional research, he found no areas of concern regarding the Petitioner's fitness to be a member of the Oklahoma Bar Association.

8. Testimony from the Petitioner, the witnesses and hearing exhibits establish that he possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma and further that Petitioner has shown that he has continued to study and learn as a lawyer in the State of Texas, has completed significant hours of continuing education and taught CLE and has kept himself informed as to current developments in the law sufficient to maintain his competency.

9. Petitioner has presented proof of stronger qualifications than one seeking admission to the Bar for the first time.

¶7 This court exercises original and exclusive jurisdiction in all matters of reinstatement. Rule 11.6, RGDP; In re Reinstatement of Hirst, 2009 OK 63222 P.3d 11

¶8 A person who has resigned from the membership in the Oklahoma Bar Association may be readmitted only by following the exact guidelines outlined in Section 11.1 of the RGDP. Petitioner met those requirements when he submitted his petition with his affidavit reflecting his activities since resignation, and including his affidavit verifying he has not practiced law in the State of Oklahoma from the date of his resignation to the present. The application for reinstatement is then referred to the Professional Responsibility Tribunal which shall empanel a three-member Trial Panel to hold a hearing. The burden of proof is on Petitioner to establish by clear and convincing evidence stronger proof of qualifications than one seeking admission for the first time. Section 11.4, RGDP.

¶9 At the conclusion of the hearing, the PRT must file a report containing the following specific findings as a prerequisite to the reinstatement of an applicant: 1) the applicant possesses the good moral character entitling him admission to the OBA; 2) the applicant has not engaged in any unauthorized practice of law during the time of his resignation; and 3) the applicant possesses the competency and learning in the law required for admission to practice law in Oklahoma. Section 11.5, RGDP. We determined that Petitioner has already met the first two requirements. Katine has demonstrated by clear and convincing evidence his good moral character and secondly, that he has not engaged in the unauthorized practice of law. We next turn our attention to the third prerequisite finding relating to the legal competency required in this instance. We note the rule that when an applicant has been suspended, terminated or disbarred for a period of five years or longer, an applicant is generally required to successfully pass the regular bar exam; but the applicant is given a reasonable opportunity to show by clear and convincing evidence that he has continued to study and kept current on developments in the law. Id. Petitioner was not suspended, terminated or disbarred; he voluntarily resigned. However, he continued to practice law under his Texas license and was required to maintain competency under his Texas state license. We note that he has not practiced law in Oklahoma for at least six years, so we carefully consider his evidence of competency in the law. Petitioner has attended and conducted continuing legal education classes in Texas. Petitioner is a former adjunct professor at two law schools in Houston and continues to present continuing legal education seminars for the State Bar of Texas. Pursuant to Rule 11.5 of the Rules Governing Disciplinary Proceedings, Petitioner has shown by clear and convincing evidence that he has continued to maintain his competency through his continued legal practice in the state of Texas and he does not need to retake the Oklahoma bar examination.

¶10 The OBA recommended reinstatement of Katine and stated that his qualifications are higher than that of a new applicant and he met his burden by clear and convincing evidence. The PRT unanimously found that Petitioner established by clear and convincing evidence that all requirements for his reinstatement to the membership of the Oklahoma Bar Association and the Roll of Attorneys have been met. The PRT recommended that Katine pay all costs to cover the expenses of investigation, processing of the application and the hearing transcript, which total Eight Hundred Sixty-Three Dollars and Three Cents ($863.03). Katine has paid all costs as reflected in the Receipt of Costs filed on May 1, 2023.

¶11 Mitchell Avila Katine has met the requirements for reinstatement to the Oklahoma Bar Association. He shall also be required to pay his 2023 membership dues for the current year 2023. Upon payment of his membership dues, Mitchell Avila Katine shall be reinstated to membership in the Oklahoma Bar Association and his name shall be added to the roll of attorneys.

PETITION FOR REINSTATEMENT GRANTED

ALL JUSTICES CONCUR